KAREN P. HEWITT
United States Attorney
STEVE MILLER
Assistant U.S. Attorney
California State Bar No. 138020
United States Courthouse
940 Front Street, Room 5152
San Diego, California  92189-0150
Telephone: (619) 557-5432
email: steve.miller2@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>         v.<br><br>EDUARDO CASTRO,<br><br>              Defendant. | Criminal Case No. 08cr0881-W<br><br>DATE: May 12, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:<br><br>1) DISMISS INDICTMENT DUE TO ERROR IN GRAND JURY INSTRUCTIONS<br>2) COMPEL DISCOVERY<br>3) SUPPRESS STATEMENTS<br>4) LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES AND GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motions. Said response is based upon the files and records of this case, together

with the attached statement of facts, memorandum of points and authorities.

I

STATEMENT OF FACTS

On November 21, 2003, defendant EDUARDO CASTRO was convicted of one count of California Penal Code, Section 288(c)(1).

On November 26, 2003, defendant was deported across the Otay Mesa Port of Entry.

In 2004, agents from ICE and CBP opened up an investigation titled "Operation Blackjack" once they began to noticed a series of alien loads with a unique compartment where the alien's upper torso was concealed in the passenger seat dash board with the legs extended under the passenger seat while covered with a blanket. When ICE and CBP looked further into the organization, they found a long term commercial alien smuggling operation. The investigation eventually resulted in the return of Indictment 08cr0682-JLS, that charged eight people with conspiracy to smuggle aliens, various alien smuggling counts and money laundering counts. The lead defendant is Marisela Castro-Juarez who is defendant's sister. Another defendant is Marisa Melena Mafnas, who is the mother of defendant's children.

On March 12, 2008, after the arrest warrant issued in the other indictment, agents executed search warrants on various houses. The agents executed the search warrant on Mafnas' home, agents located defendant. When agents contacted defendant, he identified himself as "Jorge Castro-Juarez" but said he could not remember his birth date. The agents began to inspect his Mexican identification and defendant told them that his true name was Eduardo Castro-Juarez. Defendant

admitted that the document was fraudulent and that his true date of birth made him 32 years old.

After the agents arrested defendant for being a previously deported alien found in the United States, defendant was transported to the San Ysidro Port of Entry where agents conducted a video recorded interview. The agents advised defendant of his Miranda rights and defendant waived his rights and agreed to make a statement. Defendant admitted that he was a Mexican citizen who had been deported and returned to the United States without permission.

II

POINTS AND AUTHORITIES

A. DEFENDANT'S MOTION TO DISMISS BECAUSE OF ALLEGED ERROR IN THE GRAND JURY INSTRUCTIONS SHOULD BE DENIED

Defendant argues that the indictment should be dismissed because of various instructions that were or were not given to the grand jury. United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002), and United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005), are dispositive on this issue and defendant's motion should be summarily denied.

Defendant's current motion attempts to distinguish Navarro-Vargas and has been the subject to much litigation in this district. This identical motion was denied by Judge Moskowitz in the case of United States v. Martinez-Covarrubias, 07cr0491-BTM. Rather than filing the Government's standard response brief, which would invariably necessitate a motion for permission to file a response and opposition of over 25 pages, the Government adopts the factual findings and the legal reasoning of Judge Moskowitz and recommends this court summarily deny defendant's motion.

B. THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Government has provided voluntary discovery as well as a video disk of defendant's statement to the agents. The Government will continue to provide voluntary discovery when it becomes available and will comply with Rule 16 and its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and 18 U.S.C. § 3500.

The Government gives specific notice of its intent to offer evidence of other acts under Rule 404(b). By this notice, the Government reserves the right to offer any evidence, of any act, that was performed by the defendants, that is referenced in any of the discovery. The acts also include any prior alien smuggling event that is not charged in the indictment, any telephone call, rental of vehicles or financial transaction that are reflected in the discovery. The evidence includes but is not limited to events that only become relevant once defendants' theory of the case is revealed.

C. DEFENDANT'S MOTION TO SUPPRESS STATEMENTS SHOULD BE SUMMARILY DENIED

Defendant moves this court to suppress his statements because they were obtained in violation of his <u>Miranda</u> rights. The Government is aware of this court's practice of requiring a declaration in support of defendant's motion to suppress statements. The purpose of requiring the declaration is to define any factual issues in dispute so that this court can narrow the focus of its inquiry. This was the basis of the court's decision in <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000), when it held that the court did not abuse its discretion in denying an evidentiary hearing based upon appellant's

bald assertions of error and his demand the Government be held to its burden. Furthermore, this court approved its local rule after it was approved in <u>United States v. Walzak</u>, 793 F.2d 852 (9th Cir. 1986).

Absent a declaration, defendant's motion to suppress his post arrest statement should be summarily denied. If this court does not require defendant to narrow the issues in controversy, the Government will establish that defendant's statements were knowing, voluntary and in compliance with her rights under <u>Miranda</u>.

C. ANY LEAVE FOR DEFENDANT TO FILE FURTHER MOTIONS SHOULD BE STRICTLY LIMITED

While the government recognizes this court's discretion to permit defendant to file further motions, the Government does oppose defendant's motion to the extent it is conjectural, overly broad and invites abuse. Any need for further motions should be justified at the time they are filed, permitting both the Government to oppose on a motion-by-motion basis and this court to determine if such motions could in fact have been filed earlier. Any other course would invite an interminable and protracted motion practice, resulting in delay of trial.

D. THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

1. Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery. In addition, the Government voluntarily will comply with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule are operable as to defendant.

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

        2.   Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses except the defendant. The Rule thus provides for the reciprocal production of Jencks statements. As stated in pertinent part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession .
> . . .

Fed. R. Crim. P. 26.2(a).

1  The time frame established by the Rule requires the statement to
2  be provided after the witness has testified, as in the Jencks Act.
3  Therefore, the Government hereby requests that defendant be ordered
4  to supply all prior statements of defense witnesses by a reasonable
5  date before trial to be set by the court.  This order should include
6  any form these statements are memorialized in including, but not
7  limited to, tape recordings, handwritten or typed notes and reports.

                                III

                             CONCLUSION

   For the foregoing reasons, the Government respectfully requests
that defendant's motions be denied and the Government motions be
granted.

   DATED:  May 6, 2008

                                   Respectfully submitted,

                                   KAREN P. HEWITT
                                   United States Attorney

                                   S/ Steve Miller


                                   STEVE MILLER
                                   Assistant U.S. Attorney

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>EDUARDO CASTRO,<br><br>       Defendant. | Criminal Case No. 08cr0881-W<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California. My business address is 880 Front Street, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1. Anthony E. Colombo, Jr.; anthonycolombolegal@yahoo.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-EFC participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2008

                                          s/Steve Miller
                                          STEVE MILLER