KAREN P. HEWITT
United States Attorney
STEVE MILLER
Assistant U.S. Attorney
California State Bar No. 138020
United States Courthouse
940 Front Street, Room 5152
San Diego, California  92189-0150
Telephone: (619) 557-5432
email: steve.miller2@usdoj.gov

Attorneys for Plaintiff
United States of America

                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr0881-W |
| | ) | |
| Plaintiff, | ) | DATE: May 12, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| EDUARDO CASTRO, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS: |
| Defendant. | ) | |
| | ) | 1)   DISMISS INDICTMENT DUE TO |
| | ) |      ERROR IN GRAND JURY |
| | ) |      INSTRUCTIONS |
| | ) | 2)   COMPEL DISCOVERY |
| | ) | 3)   SUPPRESS STATEMENTS |
| | ) | 4)   LEAVE TO FILE FURTHER |
| | ) |      MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS |
| | ) | AND MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES AND GOVERNMENT'S |
| | ) | MOTION FOR RECIPROCAL DISCOVERY |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through

its counsel, Karen P. Hewitt, United States Attorney, and Steve

Miller, Assistant United States Attorney, and hereby files its

response and opposition to defendants' above-referenced motions.  Said

response is based upon the files and records of this case, together

with the attached statement of facts, memorandum of points and authorities.

I

<u>STATEMENT OF FACTS</u>

On November 21, 2003, defendant EDUARDO CASTRO was convicted of one count of California Penal Code, Section 288(c)(1).

On November 26, 2003, defendant was deported across the Otay Mesa Port of Entry.

In 2004, agents from ICE and CBP opened up an investigation titled "Operation Blackjack" once they began to noticed a series of alien loads with a unique compartment where the alien's upper torso was concealed in the passenger seat dash board with the legs extended under the passenger seat while covered with a blanket. When ICE and CBP looked further into the organization, they found a long term commercial alien smuggling operation. The investigation eventually resulted in the return of Indictment 08cr0682-JLS, that charged eight people with conspiracy to smuggle aliens, various alien smuggling counts and money laundering counts. The lead defendant is Marisela Castro-Juarez who is defendant's sister. Another defendant is Marisa Melena Mafnas, who is the mother of defendant's children.

On March 12, 2008, after the arrest warrant issued in the other indictment, agents executed search warrants on various houses. The agents executed the search warrant on Mafnas' home, agents located defendant. When agents contacted defendant, he identified himself as "Jorge Castro-Juarez" but said he could not remember his birth date. The agents began to inspect his Mexican identification and defendant told them that his true name was Eduardo Castro-Juarez. Defendant

1  admitted that the document was fraudulent and that his true date of

2  birth made him 32 years old.

3       After the agents arrested defendant for being a previously

4  deported alien found in the United States, defendant was transported

5  to the San Ysidro Port of Entry where agents conducted a video

6  recorded interview.  The agents advised defendant of his <u>Miranda</u>

7  rights and defendant waived his rights and agreed to make a statement.

8  Defendant admitted that he was a Mexican citizen who had been deported

9  and returned to the United States without permission.

10                                  II

11                      <u>POINTS AND AUTHORITIES</u>

12       A.   DEFENDANT'S MOTION TO DISMISS BECAUSE OF ALLEGED
            <u>ERROR IN THE GRAND JURY INSTRUCTIONS SHOULD BE DENIED</u>
13

14       Defendant argues that the indictment should be dismissed because

15  of various instructions that were or were not given to the grand jury.

    <u>United States v. Marcucci</u>, 299 F.3d 1156 (9th Cir. 2002), and <u>United
16
    States v. Navarro-Vargas</u>, 408 F.3d 1184 (9th Cir. 2005), are
17
    dispositive on this issue and defendant's motion should be summarily
18
    denied.
19
         Defendant's current motion attempts to distinguish <u>Navarro-Vargas</u>
20
    and has been the subject to much litigation in this district.  This
21
    identical motion was denied by Judge Moskowitz in the case of <u>United
22
    States v. Martinez-Covarrubias</u>, 07cr0491-BTM.  Rather than filing the
23
    Government's standard response brief, which would invariably
24
    necessitate a motion for permission to file a response and opposition
25
    of over 25 pages, the Government adopts the factual findings and the
26
    legal reasoning of Judge Moskowitz and recommends this court summarily
27
    deny defendant's motion.
28

1    B.    THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY
2          WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL
          PROCEDURE

3

4        The Government has provided voluntary discovery as well as a
5    video disk of defendant's statement to the agents.  The Government
6    will continue to provide voluntary discovery when it becomes available
7    and will comply with Rule 16 and its obligations under Brady v.
8    Maryland, 373 U.S. 83 (1963), and 18 U.S.C. § 3500.

9        The Government gives specific notice of its intent to offer
10   evidence of other acts under Rule 404(b).  By this notice, the
11   Government reserves the right to offer any evidence, of any act, that
12   was performed by the defendants, that is referenced in any of the
13   discovery.  The acts also include any prior alien smuggling event that
14   is not charged in the indictment, any telephone call, rental of
15   vehicles or financial transaction that are reflected in the discovery.
16   The evidence includes but is not limited to events that only become
17   relevant once defendants' theory of the case is revealed.

18
19   C.    DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
          SHOULD BE SUMMARILY DENIED

20       Defendant moves this court to suppress his statements because
21   they were obtained in violation of his Miranda rights.  The Government
22   is aware of this court's practice of requiring a declaration in
23   support of defendant's motion to suppress statements.  The purpose of
24   requiring the declaration is to define any factual issues in dispute
25   so that this court can narrow the focus of its inquiry.  This was the
26   basis of the court's decision in United States v. Howell, 231 F.3d 615
27   (9th Cir. 2000), when it held that the court did not abuse its
28   discretion in denying an evidentiary hearing based upon appellant's

1  bald assertions of error and his demand the Government be held to its

2  burden.  Furthermore, this court approved its local rule after it was

3  approved in <u>United States v. Walzak</u>, 793 F.2d 852 (9th Cir. 1986).

4      Absent a declaration, defendant's motion to suppress his post

5  arrest statement should be summarily denied.  If this court does not

6  require defendant to narrow the issues in controversy, the Government

7  will establish that defendant's statements were knowing, voluntary and

8  in compliance with her rights under <u>Miranda</u>.

9      C.   ANY LEAVE FOR DEFENDANT TO FILE FURTHER
          <u>MOTIONS SHOULD BE STRICTLY LIMITED</u>

10

11     While the government recognizes this court's discretion to permit

12  defendant to file further motions, the Government does oppose

13  defendant's motion to the extent it is conjectural, overly broad and

14  invites abuse.  Any need for further motions should be justified at

15  the time they are filed, permitting both the Government to oppose on

16  a motion-by-motion basis and this court to determine if such motions

17  could in fact have been filed earlier.  Any other course would invite

18  an interminable and protracted motion practice, resulting in delay of

19  trial.

20

21     D.   THE GOVERNMENT'S MOTION FOR RECIPROCAL
          <u>DISCOVERY SHOULD BE GRANTED</u>

22          1.   <u>Rule 16(b)</u>

23     The defendant has invoked Federal Rule of Criminal

24  Procedure 16(a) in his motion for discovery.  In addition, the

25  Government voluntarily will comply with the requirements of Federal

26  Rule of Criminal Procedure 16(a).  Thus, the 16(b) provision of that

27  rule are operable as to defendant.

28

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

### 2.  Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses except the defendant. The Rule thus provides for the reciprocal production of Jencks statements. As stated in pertinent part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession . . . .

Fed. R. Crim. P. 26.2(a).

1    The time frame established by the Rule requires the statement to
2  be provided after the witness has testified, as in the Jencks Act.
3  Therefore, the Government hereby requests that defendant be ordered
4  to supply all prior statements of defense witnesses by a reasonable
5  date before trial to be set by the court.  This order should include
6  any form these statements are memorialized in including, but not
7  limited to, tape recordings, handwritten or typed notes and reports.

8                                    III

9                               CONCLUSION

10    For the foregoing reasons, the Government respectfully requests
11  that defendant's motions be denied and the Government motions be
12  granted.

13    DATED:  May 6, 2008

14                                    Respectfully submitted,

15                                    KAREN P. HEWITT
                                      United States Attorney
16
                                      S/ Steve Miller
17

18                                    STEVE MILLER
                                      Assistant U.S. Attorney
19

20

21

22

23

24

25

26

27

28

1          UNITED STATES OF AMERICA

2        SOUTHERN DISTRICT OF CALIFORNIA

3  UNITED STATES OF AMERICA,        )      Criminal Case No. 08cr0881-W
                                    )
4              Plaintiff,           )
                                    )      CERTIFICATE OF SERVICE
5  v.                               )
                                    )
6  EDUARDO CASTRO,                  )
                                    )
7              Defendant.           )
   ─────────────────────────────────)

8

9       IT IS HEREBY CERTIFIED THAT:

10      I, Steve Miller, am a Citizen of the United States over the age

11  of eighteen years and a resident of San Diego county, California.  My

12  business address is 880 Front Street, San Diego, California 92101-

13  8893.  I am not a party to the above-entitled action.  I have caused

14  service of the Government's Response and Opposition to Defendant's

15  Motions on the following parties by electronically filing the

16  foregoing with the Clerk of the District Court using its ECF system,

17  which electronically notifies them.

18  1.   Anthony E. Colombo, Jr.; anthonycolombolegal@yahoo.com

19      I hereby certify that I have caused to be mailed the foregoing,

20  by the United States Postal Service, to the following non-EFC

21  participants on this case n/a the last known address, at which place

22  there is delivery service of mail from the United States Postal

23  Service.

24      I declare under penalty of perjury that the foregoing is true and

25  correct.

26      Executed on May 6, 2008

27                                    s/Steve Miller
                                      STEVE MILLER
28

                                8                        08cr0881-W